# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### NORTHERN DIVISION

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) Case No. _____ |
| | ) |
| **WALLACE McCLURE,** | ) |
| **H & M BUILDERS, MICHAEL E. BOWMAN** | ) |
| **AND WIFE, CAROLYN BOWMAN,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Owners Insurance Company ("Owners"), by and through counsel, and for its Complaint for Declaratory Judgment, states as follows:

1. Owners is an Ohio corporation that is licensed to transact business in the state of Tennessee. Owners' principal place of business is located in Lansing, Michigan.

2. Defendant Wallace McClure ("McClure"), is a citizen and resident of Knox County, Tennessee. Upon information and belief, McClure may be served with a summons and a copy of the Complaint for Declaratory Judgment at 114 Durwood Road, Knoxville, Tennessee 37922.

3. Upon information and belief, Defendant H & M Builders ("H & M"), is a Tennessee general partnership with a principal place of business located at 11102 Yarnell Road, Knoxville, Tennessee 37932. Upon information and belief, H&M may be served with a summons and a copy of the Complaint for Declaratory Judgment by serving Todd Hayes, owner and partner in H&M, at 11102 Yarnell Road, Knoxville, Tennessee 37932.

4. Upon information and belief, the partners of H&M are Todd Hayes and Luther Hayes, both of whom are citizens and residents of Tennessee.

5. Defendants Michael E. Bowman and wife, Carolyn Bowman (the "Bowmans"), are citizens and residents of Knox County, Tennessee, and they may each be served with a summons and a copy of the Complaint for Declaratory Judgment at 11727 Ridgeland Drive, Knoxville, Tennessee 37932.

## JURISDICTION AND VENUE

6. This action is brought under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and the Tennessee Declaratory Judgment Act, Tenn. Code Ann. §29-14-101 *et seq.*

7. Owners seeks a declaratory judgment concerning its rights and obligations under a policy of insurance issued to the McClure.

8. This action concerns an actual case in controversy of whether Owners has a duty to defend or to indemnify McClure pursuant to a policy of insurance issued to McClure.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside in the Eastern District of Tennessee and all Defendants are residents and citizens of the state of Tennessee.

10. Venue is also proper in this district and division pursuant to 28 U.S.C. 1391(b)(2) because the policy of insurance was issued by Owners to McClure in Knox County, Tennessee.

11. Moreover, the underlying state court action filed by the Bowmans alleges that McClure breached a contract in Knox County, Tennessee, breached the duty of good faith and fair dealing, committed fraud, and violated the Tennessee Consumers Protection Act in Knox County, Tennessee.

2

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

13.     Plaintiff is a citizen and resident of Ohio and Michigan, and Defendants are citizens and residents of Tennessee.  As a result, complete diversity of citizenship exists.

14.     In this Declaratory Judgment action, Owners seeks a declaration that it has no duty to defend McClure in a lawsuit brought against him by the Bowmans.

15.     In this Declaratory Judgment action, Owners seeks a declaration that it has no duty to indemnify McClure for any judgment that may be obtained against him in a lawsuit brought against him by the Bowmans.

16.     In this Declaratory Judgment action, Owners seeks a declaration that the insurance policy issued by Owners to McClure does not provide coverage for the claims made by the Bowmans in their underlying state court lawsuit against McClure.

17.     The underlying state court lawsuit is styled *Michael E. Bowman and wife, Carolyn Bowman v. Wallace McClure, Trustee and H & M Builders,* Knox County Chancery Court, No. 187721-1 (the "Action).  A copy of the Complaint obtained from the Knox County Clerk and Master filed in the Action is attached hereto as *Exhibit 1* and is incorporated by reference into this Complaint for Declaratory Judgment.

18.     The Complaint filed in the Action seeks a judgment against Defendants McClure and H & M in the amount of $390,000.00 plus all accrued interest and reasonable damages, reasonable attorneys' fees and costs of collection. *See Exhibit 1,* Prayer for Relief, p. 7.

3

19.     As a result, the amount in controversy in this declaratory judgment action is, at a minimum, $390,000.00, and the amount in controversy exceeds the amount of $75,000.00 exclusive of interest and costs.

20.     The policy limit of $1,000,000 for commercial general liability coverage per occurrence under the insurance policy issued by Owners to McClure also exceeds the amount in controversy requirement $75,000 necessary for this Court to exercise jurisdiction over this matter.

21.     The amount in controversy in this Declaratory Judgment action exceeds the sum of value of $75,000 exclusive of interest and costs.

22.     This Court has personal jurisdiction over all Defendants as all Defendants are found in the Eastern District of Tennessee.

**SPECIFIC ALLEGATIONS**

23.     The policy issued by Owners to Defendant McClure is a Tailored Protection Policy that includes commercial general liability coverage (the "Policy").

24.     The policy number for the Policy is 132319-03609995-13.

25.     The Policy was issued to Wallace McClure and Ken Millsap c/o Wallace McClure at 114 Durwood Road, Knoxville, TN 37922-3220.

26.     The Policy has an effective date of September 19, 2013 through September 2014. A certified copy of the Policy is attached hereto as *Exhibit 2*, and it is incorporated herein by reference into this Complaint for Declaratory Judgment.

27.     The Policy contains the following language as part of the insuring agreement:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION 1 – COVERAGES**

4

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

    (1)  The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

    (2)  Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" occurs during the policy period; and

    (3)  Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

2.  **Exclusions**

    This insurance does not apply to:

    a.  **Expected or Intended Injury**

5

"Bodily injury" or "property damage" expected or intended form the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**l.     Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

## SECTION V – DEFINITIONS

**14.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**17.**     "Products-completed operations hazard":

**a.**     Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

**(1)**     Products that are still in your physical possession; or

**(2)**     Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

**(a)**     When all of the work called for in your contract has been completed.

**(b)**     When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

**b.**     Does not include "bodily injury" and "property damage" arising out of:

**(1)**     The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured.

**(2)**     The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)**     Products or operations for which the classification, shown in the Declarations, states that products-completed operations are included.

**18.**     "Property damage" means:

6

•

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices, or any other media which are used with electronically controlled equipment.

**27.** "Your work":

**a.** Means:

**(1)** Work or operations performed by you or on your behalf; and

**(2)** Materials, parts, or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

**(2)** The providing of or failure to provide warnings or instructions.

**EXCLUSION – REAL ESTATE AGENTS OR BROKERS ERRORS OR OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **SECTION 1 – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and Paragraph **2., Exclusions** of **SECTION 1 – COVERAGES, COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY:**

This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any misrepresentation, error or omission by you or any real estate agent or broker who is either employed by you or performing work on your behalf in such capacity.

7

All other policy terms and conditions apply.

## FUNGI OR BACTERIA EXCLUSIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  Under **SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, the following exclusions are added:

    1.  "Bodily injury" or "property damage" arising out of, in whole or in part, the actual alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    2.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

These exclusions do not apply to any "fungi" or bacteria that are on, or are contained in, a good or product intended for human consumption.

B.  Under **SECTION I – COVERAGES, COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY, 2. Exclusions**, the following exclusions are added:

    1.  Arising out of, in whole or in part, the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, whether airborne or not, on or within a building or structure, including its contents. This exclusion applies whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

    2.  For any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person, entity or governmental authority.

    28.  This Declaratory Judgment action arises out of the Action filed in Knox County, Tennessee, and upon information and belief, the Bowmans filed the Action on or about June 14, 2014.

8

29.     The Complaint filed in the Action alleges that the property that is the subject of the Complaint is located in Knox County, Tennessee and is more particularly described as set forth in the Complaint as property being Lot 17R of Campbell Station Villas, Phase II as shown on Plat of Record as Instrument Number 201202230046172 in the Register's Office of Knox County, Tennessee. *See Exhibit 1, ¶ 1.*

30.     The Complaint filed in the Action alleges that Defendant McClure and Defendant H & M are both Tennessee entities and are engaged in a real estate development home construction business in the State of Tennessee. *See Exhibit 1, ¶ 2.*

31.     The Complaint filed in the Action alleges that the Bowmans contracted to buy a custom home constructed by Defendants McClure and H & M on that certain property set forth in the Complaint located in the Sixth Civil District of Knox County, Tennessee known as Campbell Station Villas and further known and designated as 11727 Ridgeland Drive, Knoxville, Tennessee. *See Exhibit 1, ¶ 3.*

32.     The Complaint filed in the Action alleges that the real estate contract called a Purchase and Sales Agreement provided that the Bowmans shall purchase certain residential improvements in land from McClure for the amount of $390,000 and, as new construction, a one year new home warranty was included. The Complaint filed in the Action alleges that a copy of the warranty is attached as *Exhibit 1* to the Complaint. *See Exhibit 1, ¶ 4.*

33.     The Complaint filed in the Action alleges that at the closing on or about July 6, 2012, McClure executed a Warranty Deed conveying pursuant to the Real Estate Sales Contract their interest in the subject property to the Bowmans with said Deed of Record being Instrument Number 201207090001421 in the Knox County Register of Deeds office. *See Exhibit 1,¶ 5.*

9

34. The Complaint filed in the Action alleges that, prior to the construction of the residential sale of the property to the Bowmans, McClure purchased a number of unimproved lots in the subdivision known as Campbell Station Villas. The Complaint filed in the Action alleges that the subdivision of Campbell Station Villas was developed by McClure who prepared the property for resale by clearing the property, installing various utility connections and platting the lots. *See Exhibit 1, ¶ 6.*

35. The Complaint filed in the Action alleges that upon acquiring the subject property, the Bowmans' leased the property to their daughter Jennifer who moved in and inhabited the premises as her residence. The Complaint filed in the Action alleges that on the day of closing it was discovered that certain flooring in the downstairs living area began to buckle and was replaced by the Defendants, McClure and H & M as required by the home warranty issued by the Defendants McClure and H & M delivered to the Bowmans. The Complaint filed in the Action alleges that tenant Jennifer Bowman began to experience medical issues and complaints with her allergies and sinus. *See Exhibit 1, ¶ 7.*

36. The Complaint filed in the Action alleges that subsequently the replacement floor began to buckle and the tenant's health condition worsened. The Complaint filed in the Action alleges that the Defendants McClure and H & M were unable to resolve the conditions and the Bowmans consulted with a general contractor who has worked on their residence and other properties. *See Exhibit 1, ¶ 8.*

37. The Complaint filed in the Action alleges that upon investigation it was learned that the interior of the property had abnormally high humid conditions with mold growing under the carpet, wooden flooring, baseboards and cabinets. The Complaint filed in the Action alleges that those improvements were removed and it was learned that "ground water" was coming up

10

through the foundation slab. The Complaint filed in the Action alleges that said condition was deemed to be unusual and undesirable, and required further investigation to determine a corrective action. *See Exhibit 1, ¶ 9.*

38.     The Complaint filed in the Action alleges that the property of Campbell Station Villas development was reshaped and contoured to provide building pads and drainage across the downhill slope of the hillside by Defendants McClure and H & M and that the drainage across the downhill slope ended at the Bowmans property. The Plaintiff in the Action alleges that the lot was not property graded or contoured and fails to meet minimum code requirements for slopes and contours. The Complaint filed in the Action alleges that the drainage was inadequate and caused extremely wet and saturated conditions between adjacent units of the Campbell Station Villas Subdivision. *See Exhibit 1, ¶ 10.*

39.     The Complaint filed in the action alleges that it was further determined upon inquiry to Defendant H & M that in order to reinforce the poor soil condition that existed at one corner of the foundation slab, Defendant H & M pumped a "pourable fill" into the soil to stabilize the soil and to allow construction of the foundation slab on top of said soil and fill. The Complaint filed in the Action alleges that the Bowmans' contractor was unable to determine the depth of said fill, but found that the fill extruded over half-way down the exterior wall of the unit. The Complaint filed in the Action alleges that the fill under the foundation slab created an underground damn that disturbed the flow of ground water not only on the Bowmans property but also ground water coming from the uphill units. The Complaint filed in the Action alleges that relief holes were drilled in said fill and/or the damn and large quantities of ground water poured out from under the slab and further water was pumped out from under the foundation slab. *See Exhibit 1, ¶ 11.*

11

40. The Complaint filed in the Action alleges that by installing French drains between the units and drilling the relief holes in the damn created by the pourable fill installed by the Defendants H & M and McClure, the Bowmans were able to correct the drainage issues that caused the high humidity conditions inside the unit. *See Exhibit 1 ¶ 12.*

41. The Complaint filed in the Action alleges that the Bowmans were forced to make said corrective actions when the Defendants H & M and McClure were unresponsive to warranty complaints. The Complaint filed in the Action further alleges that Defendants McClure and H & M stated that the corrective actions of the Bowmans voided the warranty. *See Exhibit 1, ¶ 13.*

42. The Complaint filed in the Action alleges that the Bowmans spent $300,667.95 in acquisition of the subject property and have spent $45,000 to correct the conditions created by the Defendants H & M and McClure. The Complaint filed in the Action alleges it will cost an additional $45,000 to replace carpets, wooden flooring and cabinets that were removed to correct said conditions. *See Exhibit 1, ¶ 14.*

43. The Complaint filed in the Action alleges that the Bowmans made no improvements or additions or took any action that would cause the water conditions found on the property. *See Exhibit 1, ¶ 15.*

44. The Complaint filed in the Action contains four causes of action, (1) breach of contract; (2) breach of duty faith of good faith and fair dealing; (3) fraud; and (4) violation of the Tennessee Consumer Protection Act.

45. The Complaint filed in the Action alleges in the cause of action for breach of contract that Defendants McClure and H & M issued a contractors' warranty which provided in part that a warranty for all materials, facilities, workmanship and equipment located at 11727

12

Ridgeland Drive will be free of defects, will be of specified quality and will operate properly for a period of one year. *See Exhibit 1, ¶ 15.*

46.     The Complaint filed in the Action alleges as part of the breach of contract cause of action that Defendants H & M and McClure breached the contract and warranty as a result of settlement caused by the improper siding and placement of the residential improvements. The complaint filed in the action further alleges that "Further that said warranty purports to be a limited warranty and that due to the circumstances of said material defects in said home, the limitation of said warranty shall be ineffective since there is no repair, replacement or correction on the settlement issue available to Defendants." *See Exhibit 1, ¶ 16.*

47.     The Complaint filed in the Action alleges as part of the cause of action for breach of the duty of good faith and fair dealing of Defendants H & M and McClure were experienced developers and builders with a good reputation and that the Bowmans had no experience in home construction. The Complaint filed in the Action further alleges that Defendant McClure allegedly knew that the Bowmans were relying upon McClure to use and follow reasonable residential building standards in the construction of the improvements. *See Exhibit 1, ¶ 18.*

48.     The Complaint filed in the Action alleges that by virtue of the execution of the real estate sales contract and construction warranty, a duty of good faith and fair dealing was imposed upon Defendant McClure which was violated by defective construction on the house and failing to disclose a known condition that would materially affect marketability, fair market value of the improvements and livability of the improvements for the Bowmans as purchaser. The Complaint filed in the Action further alleges that Defendant McClure owed a duty to the Bowmans to disclose any known conditions pursuant to the real estate sales contract and failed to

13

make such disclosures despite having superior knowledge and authority resulting in the Bowmans making an uninformed decision to buy the property. *See Exhibit 1, ¶ 19.*

49.     The Complaint filed in the Action alleges in the cause of action for fraud that at all times during the negotiations and purchase of the residential improvements located at 11727 Ridgeland Drive, Defendants H & M and McClure were aware of the soil fill and compaction issues and the possible effect on the value and construction of the improvements and intentionally and purposefully failed to disclose the condition of the improvements to the Bowmans. *See Exhibit 1, ¶ 21.*

50.     The Complaint filed in the Action alleges in the cause of action for fraud that such actions of Defendants allowed Defendants McClure and H & M to benefit directly from the fraud and concealment to the direct detriment and loss of the Bowmans. *See Exhibit 1, ¶ 22.*

51.     The Complaint filed in the Action alleges in the cause of action for violation of the Tennessee Consumer Protection Act that all times material Defendants McClure and H & M were in the business of selling and providing construction services and products to the consuming public in the state of Tennessee and that the Bowmans were a consumer as defined under the Tennessee Consumer Protection Act. *See Exhibit 1, ¶ 24.*

52.     The Complaint filed in the Action alleges that Defendants H & M and McClure through their own actions and those of their agents acting within the course and scope of their agency with the Defendants knowingly made and/or committed certain unfair or deceptive acts and practices as set forth in the Tennessee Consumer Protection Act to procure the purchase of the residential real estate improvements located at 11727 Richland Drive by the Bowmans and that those acts included 1) representing a goods and services are of a particular standard, quality, or grade; 2) representing that goods are original or new if they are deteriorated; 3) representing

14

that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and 4) engaging in any act or practice which is deceptive to the consumer. *See Exhibit 1, ¶ 25.*

53.     The Complaint filed in the Action alleges in the cause of action for violation of the Tennessee Consumer Protection Act that pursuant to the Tennessee Consumer Protection Act the Bowmans are authorized to bring under the Tennessee Consumer Protection Act a private action for the willful or knowing violation by Defendants H & M and McClure and seek not only actual damages but treble damages and reasonable attorney fees. *See Exhibit 1, ¶ 26.*

54.     In the Complaint filed in the Action the prayer for relief found at the end of the Complaint requests that process be issued and served upon the Defendants H & M and McClure and that upon a hearing the court grant a judgment against Defendants H & M and McClure in the amount of $390,000.00 plus all accrued interest and reasonable damages, reasonable attorney fees, and cost of collection as well as general relief. *See Exhibit 1,* Prayer for Relief, p. 7.

55.     Defendant McClure requested that Owners provide a defense to him in the Action.

56.     Owners agreed to provide Defendant McClure with a defense in the Action subject to a reservation of rights, which included the right to file a declaratory judgment action to determine whether coverage existed under the Policy for the claims in the Action.

57.     The claims brought by the Bowmans against McClure in the Action are not within the scope of coverage of the Policy.

58.     The claims brought by the Bowmans in the Action do not meet the definition of an "occurrence" under the Policy and thus are not covered by the Policy.

15

59. The claims brought by the Bowmans in the Action do not meet the definition of "property damage" under the Policy as the claims relate to breach of contract, breach of the duty of good faith and fair dealing, fraud, and violation of the Tennessee Consumer Protection Act.

60. The claims brought by the Bowmans in the Action do not meet the definition of "bodily injury," "personal injury," or "advertising injury" under the Policy as the claims relate to breach of contract, breach of the duty of good faith and fair dealing, fraud, and violation of the Tennessee Consumer Protection Act.

61. Because these claims do not meet the definition of "property damage" as found in the Policy, the claims are not covered by the Policy.

62. The claims in the Action allege that the construction of the improvements was the work of McClure and the Complaint alleges that McClure is engaged in the real estate development and home construction business and that the custom home was to be constructed by the Defendants.

63. The Complaint filed in the Action also alleges that the subdivision on which the property is located was developed by McClure and that McClure prepared the property for resale by clearing the property, installing utilities, and platting the lots as well as reshaping and contouring the land to provide building pads and drainage.

64. As a result, the entire work on the property purchased by the Bowmans and the subdivision would be considered the "your work" of Defendant McClure under Tennessee law.

65. The Policy contains a "your work" exclusion that does not contain a subcontractor exception.

66. The "your work" exclusion in the Policy excludes coverage for the claims made in the Action against Defendant McClure.

16

67. The claim for breach of contract is not covered by the Policy as Tennessee law provides that commercial general liability policies do not provide coverage for breach of contract claims against contractors arising out of the failure to perform according to a contract.

68. The "your work" exclusion in the Policy also applies to the claim for breach of the duty of good faith and fair dealing. As a result, this exclusion precludes any coverage for the claim of breach of the duty of good faith and fair dealing.

69. The Policy also contains an exclusion for real estate agents or brokers' errors or omissions and the exclusion provides that the insurance coverage does not apply to bodily injury, property damage, personal injury, or advertising injury arising out of any misrepresentation, error, or omission by the insured or any real estate agent or broker who is either employed by you or performing work on your behalf in such capacity.

70. The breach of the duty of good faith or fair dealing claim alleges misrepresentation, error, or omission by the insured. As a result, the exclusion applies to exclude coverage for the claim for breach of the duty of good faith and fair dealing.

71. The exclusion in the Policy for property damages expected or intended from the standpoint of the insured applies to exclude coverage for the claim of fraud brought in the Complaint filed in the Action.

72. The cause of action for fraud in the Action alleges that the insured intentionally and purposefully failed to disclose the condition of the improvements to the Bowmans.

73. As a result, the expected/intended exclusion applies to exclude coverage for the claim for fraud.

74. The exclusion for real estate agents or brokers' misrepresentation, errors, or omissions also applies to exclude coverage for the claim of fraud brought against McClure.

17

75.     The policy does not provide coverage for the claim of violation of the Tennessee Consumer Protection Act.

76.     Tennessee law provides that claims for willful violation of the Tennessee Consumer Protection Act are not covered under a policy which excludes bodily injury or property damage intended from the standpoint of the insured.

77.     The allegation made in the Complaint filed in the Action as part of the Tennessee Consumer Protection Act claim alleges that Defendant McClure "knowingly made and/or committed certain unfair and deceptive acts." The Complaint also alleges that the violations by Defendant McClure were "willful and knowing."

78.     The expected/intended exclusion in the Policy excludes coverage for the claim for violation of the Tennessee Consumer Protection Act.

79.     The Policy contains an exclusion that excludes coverage for bodily injury or property damage arising out of, in whole or in part, the actual, alleged, or threatened inhalation or ingestion or contact with, exposure to, existence of, or presence of any fungi within a building or structure, including its contents.

80.     The exclusion for fungi or bacteria also excludes any coverage for any loss, cost, or expenses arising out of the removal, treating, cleaning up, or mediating or disposing of fungi.

81.     The fungi exclusion excludes coverage for any claim of property damage arising out of the mold that allegedly was growing on the carpet, wooded flooring, baseboards and cabinets in the property.

82.     The exclusion applies regardless of whether any other cause has contributed concurrently or in any sequence to the alleged loss by mold.

83.     The Policy does not provide coverage for the claims of damages made in the Action, including the damage claims for interest, attorneys fees, and costs of collection.

84.     Coverage under the Policy for the claims brought in the Complaint filed in the Action is excluded because they did not occur during the policy term.

85.     In order for coverage to apply, the bodily injury or property damage must occur during the policy period.

86.     The Policy was issued with an effective date of September 19, 2013.

87.     The Complaint filed in the Action alleges that the first problems with the residence were discovered on the day of closing, July 6, 2012.

88.     Under Tennessee law, the loss-in-progress doctrine precludes coverage where the insured is aware of a the threat of loss so immediate that it might fairly be said that the loss was in progress and that the insured knew it at the time the policy was issued or applied for.

89.     Based upon the allegations in the Complaint, knowledge of the problems and the alleged issues with the residence was known by McClure at some point prior to the effective date of the Policy.

90.     As a result, the Policy does not provide coverage for the claims brought against McClure in the Action.

91.     Owners does not have a duty under the Policy to defend McClure in the Action.

92.     Owners does not have a duty under the policy to indemnify McClure for any judgment entered against him in the Action.

93.     The terms of the Policy and the exclusions contained therein exclude coverage for the claims brought against McClure in the Action.

94. McClure is a proper party to this declaratory judgment action because he is an insured under the Policy and this declaratory judgment action will determine whether he has insurance coverage under the Policy to provide a defense and/or indemnity for him in the Action.

95. The Bowmans are proper parties to this declaratory judgment action because they are the Plaintiffs in the Action and this declaratory judgment action will determine whether there is insurance coverage to provide any indemnity for any judgment they may obtain against McClure.

96. H & M is a proper party to this declaratory judgment action because it is a Defendant in the Action and this declaratory judgment action will determine whether its co-defendant McClure has insurance coverage to provide indemnity for any judgment obtained against McClure in the Action.

97. The Defendants in this declaratory judgment action are proper parties to this case pursuant to Tenn. Code Ann. § 29-14-107.

98. Neither Owners nor any of the Defendants in this declaratory judgment action have sought, by any other legal action, to have their respective rights under the policy at issue adjudicated under the facts and circumstances presented herein.

WHEREFORE, Owners prays:

(a)     That service of process be issued and served upon the Defendants listed above;

(b)     That this Court enter an order declaring that Owners does not have any duty or obligation to defend Wallace McClure for the claims brought in the civil action styled *Michael E. Bowman and wife, Carolyn Bowman v. Wallace McClure, Trustee and H & M Builders*, Knox County Chancery Court, No. 187721-1;

20

(c)     That this Court enter an order declaring that Owners does not have any duty or obligation to indemnify Wallace McClure for any judgment that may be entered against him in the civil action styled *Michael E. Bowman and wife, Carolyn Bowman v. Wallace McClure, Trustee and H & M Builders,* Knox County Chancery Court, No. 187721-1; and

(d)     For such other relief as the Court deems equitable and necessary under the circumstances.

Respectfully submitted this 3rd day of February, 2015.

WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC

s/Dean T. Howell
Howard E. Jarvis, Esq. (BPR No. 006673)
Dean T. Howell, Esq. (BPR No. 022130)
Post Office Box 900
Knoxville, Tennessee 37901-0900
Telephone: (865) 215-1000
Facsimile: (865) 215-1001

*Attorneys for Plaintiff Owners Insurance Company*